# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

EDGAR AGUILAR on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

PEPPER ASIAN, INC.,
PEPPER ASIAN II, INC., and
CHANG FU LIN,

    Defendants.

_____

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants employed Plaintiff and those similarly situated as kitchen laborers to work long hours for low wages in Defendants' Asian restaurants.

2. Defendants refused to pay their kitchen employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order

("COMPS"), 7 C.C.R. 1103-1 because the MWA, via the COMPS, requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also failed to provide Plaintiff and others with rest periods during their shifts.

6. Defendants thus violated the MWA, via the COMPS, because it requires employers to provide their employees with a ten-minute rest period for each four-hour work period.

7. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

8. Defendants paid their kitchen employees partially with payroll checks and partially in cash and failed to report the cash wages paid to the Internal Revenue Service.

9. Defendants thus violated 26 U.S.C. § 7434 by filing fraudulent information returns with respect to payments made to Plaintiff and others.

10. Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal law.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Edgar Aguilar was employed by Defendants from approximately March, 2018 through approximately September 10, 2021. Plaintiff Aguilar's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

12. Pepper Asian, Inc. is a registered Colorado corporation with a principal street address of 2831 E. Colfax Ave., Denver, CO 80206.

13. Pepper Asian II, Inc. is a registered Colorado corporation with a principal street address of 3759 N. Lipan St., Denver, CO 80211.

14. Defendant Chang Fu Lin is an owner and manager of Pepper Asian, Inc. and Pepper Asian II, Inc.

15. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.* and 26 U.S.C. § 7434.

16. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the MWA, COMPS, and the CWCA. 28 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS**

18. Plaintiff and those similarly situated worked as kitchen laborers in Defendants' restaurants.

19. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, Defendants refused to pay their employees overtime wages for overtime hours worked.

20. For example, Plaintiff Aguilar worked from 10:30 a.m. until 10:00 p.m. four days per week, and from 11:30 a.m. until 10:00 p.m. on Saturdays and from 11:30 a.m. until 9:00 p.m. on Sundays for a total of 66 hours per week, and was not paid overtime wages. Defendants' other kitchen laborers worked similar hours and were not paid overtime wages.

21. Defendants also failed to provide Plaintiff and those similarly situated with 10-minute rest periods as required by law, though they did permit Plaintiff a one-hour break during an approximate four-month period during his tenure.

22. Defendants subjected all their employees to the same policies and practices of failing to pay overtime premium wages for overtime hours worked and failing to provide paid rest periods.

23. Defendants paid Plaintiff and their other kitchen employees partially with payroll checks and partially in cash and fraudulently failed to report the cash wages paid to the Internal Revenue Service.

24. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, dishes, silverware, cleaning materials and other materials which moved in interstate commerce.

25. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

26. Defendant Chang Fu Lin, at all material times, exercised operational control and/or financial control over the restaurant enterprise and exercised control over his and the enterprise's employees' terms and conditions of employment. For example, Defendant Fu Lin hired and fired his employees, made important financial decisions regarding the enterprise, controlled his employees' rates of pay and work schedules, and, upon information and belief, made the decisions to deny his employees overtime pay for overtime hours worked, to deny them paid rest periods and to file fraudulent information returns with the Internal Revenue Service.

27. Plaintiff hereby demands, on his own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such

payment should be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

28. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

   All employees who worked on or after October 12, 2018.

29. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

30. All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding overtime wage payments.

## FIRST CLAIM – Failure to Pay Overtime Premiums
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

31. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

32. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

33. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

34. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

35. Defendants were Plaintiff's and others' "employers" as that term is defined by the

5

FLSA.  29 U.S.C. § 203(d).

36. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

37. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

38. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

39. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

## SECOND CLAIM – Failure to Pay Overtime Premiums
**Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101** *et seq.***, as implemented by the COMPS**

40. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

41. Defendants were Plaintiff's and those similarly situated's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

42. Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

43. Defendants violated the COMPS when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

44. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

45. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Provide Paid Rest Periods
<u>Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the COMPS</u>

46. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

47. Defendants were Plaintiff's and those similarly situated's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

48. Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

49. Defendants violated the COMPS when they refused to provide Plaintiff and others with paid rest periods. 7 CCR 1103-1(5.2).

50. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

51. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### FOURTH CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
<u>Violation of the CWCA (C.R.S. § 8-4-101, *et seq*.)</u>

52. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

53. Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

54. Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

55. Defendants violated the CWCA, when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

7

56. As a result, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

57. Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### FIFTH CLAIM – Fraudulent Information Returns
### Violation of 26 U.S.C. § 7434

58. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

59. Defendants willfully filed fraudulent information returns with respect to payments made to Plaintiff and others.  26 U.S.C. § 7434(a).

60. Defendants are liable to Plaintiff and others in an amount equal to $5,000.00 per violation.  26 U.S.C. § 7434(b).

61. Plaintiff has contemporaneously served the Internal Revenue Service with a copy of this complaint upon filing the same with this Court.  26 U.S.C. § 7434(d).

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, for unpaid overtime wages brought pursuant to the FLSA, that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. He and the 216(b) Class be awarded unpaid overtime premiums;

   c. He and the 216(b) Class be awarded liquidated damages as required by law;

   d. He and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

   e. He and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

  f. He and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, for unpaid overtime wages brought pursuant to the COMPS, that:

  a. Plaintiff and others be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(8.1(A));

  b. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

And, as to his THIRD CLAIM, for unpaid rest periods brought pursuant to the COMPS, that:

  a. Plaintiff and others be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(8.1(A));

  b. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

And, as to his FOURTH CLAIM, for unpaid earned, vested and determinable wages brought pursuant to the CWCA that:

  a. Plaintiff and others be awarded the wages earned, vested and determinable wages they are due per C.R.S. § 8-4-109;

  b. Plaintiff and others be awarded statutory penalties per C.R.S. § 8-4-109;

  c. Plaintiff and others be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

  d. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

And, as to his FIFTH CLAIM for the filing of fraudulent information returns brought pursuant to 26 U.S.C. § 7434, that:

  a. Plaintiff and others be awarded an amount equal to $5,000.00 per violation. 26 U.S.C. § 7434(b).

  b. Plaintiff and others be awarded attorney fees and costs of suit per 26 U.S.C. § 7434(b)(2-3).

  c. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
1942 Broadway, Suite 509
Boulder, CO 80302
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*