# EXHIBIT 2

Case No. 1:21-cv-02740-RM-NYW     Document 27-1     filed 02/03/22     USDC Colorado
pg 1 of 10

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is between Edgar Aguilar, Eleazar Dzib, and Fredy Hau (collectively, "Plaintiffs"), on the one hand, and Pepper Asian, Inc., Pepper Asian II, Inc., and Chang Fu Lin (together, "Defendants"), on the other hand. Collectively, the Plaintiffs and Defendants are the "Parties".

WHEREAS on October 12, 2021, Edgar Aguilar filed a Complaint in the U.S. District Court for the District of Colorado against Defendants (Case No. 21-cv-02740) (the "Lawsuit"), alleging that Defendants failed to pay him and others similarly situated overtime and other compensation in violation of state and federal law; and

WHEREAS no class was ever certified in the Lawsuit; and

WHEREAS Eleazar Dzib and Fredy Hau opted in to the Lawsuit On October 13, 2021 to become Plaintiffs thereto;

WHEREAS the effective date of this Agreement will be the date of the last signature on this Agreement by any of the Parties; and

WHEREAS the Parties intend to settle the Lawsuit, and thereby avoid any further expense of litigation;

NOW, THEREFORE, the Parties agree as follows:

1. **Settlement Payment.** Defendants agree to pay to Plaintiffs the gross sum of One Hundred Fifty Thousand Dollars ($150,000.00). Plaintiffs and Defendants agree this gross sum of $150,000.00 constitutes good and sufficient consideration for settlement of the Lawsuit. Defendants will make the settlement payment as follows: <u>Within 10 days of the Court's approval of the Agreement, Defendants will deliver the following checks to Milstein Turner, PLLC at 1942 Broadway, Suite 509, Boulder, CO 80302</u>:

a. One check made payable to Edgar Aguilar in the amount of $34,546.83, subject to payroll tax withholding per Form W-4 information on file with Defendants and reported per I.R.S. Form W-2.

b. One check made payable to Edgar Aguilar in the amount of $16,009.51, not subject to payroll tax withholding. Defendants will issue to Edgar Aguilar an IRS form 1099 for this payment.

c. One check made payable to Eleazar Dzib in the amount of $12,554.36, subject to payroll tax withholding per Form W-4 information on file with Defendants and reported per I.R.S. Form W-2.

d. One check made payable to Eleazar Dzib in the amount of $11,635.75, not subject to payroll tax withholding. Defendants will issue to Edgar Aguilar an IRS form 1099 for this payment.

e. One check made payable to Fredy Hau in the amount of $14,286.29, subject to payroll tax withholding per Form W-4 information on file with Defendants and reported per I.R.S. Form W-2.

f. One check made payable to Fredy Hau in the amount of $10,967.25, not subject to payroll tax withholding. Defendants will issue to Edgar Aguilar an IRS form 1099 for this payment.

g. One check made payable to Milstein Turner, PLLC in the amount of $50,000.00. Defendants will issue to Milstein Turner, PLLC an IRS form 1099 for this payment.

2. **Dismissal of Lawsuit.** Plaintiffs agree to execute (or direct their counsel to execute), a Stipulation to Dismiss the Lawsuit with prejudice upon bank clearance of the settlement checks described in Section 1, above.

3. **Release of Claims.**  Plaintiffs, on behalf of themselves and their agents, successors, and assigns, generally and unconditionally release, acquit and forever discharge Defendants, their representatives, agents, attorneys, insurers, heirs, successors in interest, and any other related entities and assigns of and from any and all claims, actions, suits, debts, demands, damages, costs and expenses and causes of action of any nature whatsoever, whether fixed, or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, patent or latent, suspected or unsuspected, claimed or unclaimed, which accrued prior to the execution of this Agreement.

4. **Knowing and Voluntary Agreement**. The Parties understand and acknowledge: (a) They were advised to consult with attorneys of their choosing regarding this Agreement and had adequate time to do so prior to executing; (b) They have carefully read and fully understand, including by obtaining a translation from English to Spanish if necessary, all of the provisions of this Agreement; (c) They knowingly and voluntarily agree to all of the terms set forth in this Agreement and intend to be legally bound by this Agreement.

5. **Interpretation; Severability**. This Agreement will be interpreted in accordance with the laws of the State of Colorado, without regard to its conflict-of-laws provisions. This Agreement in all cases will be interpreted as a whole, according to its fair meaning, and will not be interpreted strictly for or against any of the parties. Should any clause or provision of this Agreement be declared illegal or unenforceable by any arbitrator or court of competent jurisdiction, and cannot be modified to be enforceable, such provision will immediately become null and void, leaving the remainder of this Agreement in full force and effect. Headings of paragraphs will not affect the interpretation of this Agreement.

6. **Binding Agreement.** This Agreement will be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and will inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns.

7. **Suit for Enforcement.** If any of the Parties sues another of the Parties for enforcement of this Agreement, the prevailing party shall be awarded its reasonable attorneys' fees and expenses incurred in said action.

8. **No Retaliation.** The Parties shall not retaliate against any other Party for participating in the Lawsuit, and the Parties covenant to abide by the anti-retaliation statutory provisions stated at 29 U.S.C. § 215(a)(3); C.R.S. § 8-6-115 and C.R.S. § 8-4-120, as applicable;.

9. **No Admission of Liability.** By this Agreement, the Parties do not admit misconduct or violation of any federal or state law or regulation, or any liability to each other. Rather, they seek to amicably resolve the Lawsuit. Accordingly, this Agreement will not be admissible in any proceeding except that the Agreement may be introduced in any proceeding to enforce a specific term contained in the Agreement.

10. **Confidentiality.** All Parties agree to keep the Litigation, as well as all terms of this Agreement, strictly confidential, including, but not limited to, the nature and amount of the payments hereunder, provided, however, that the Parties may disclose the nature of the Litigation and the terms of this Agreement to their attorneys, accountants, financial or tax advisors, or as may be necessary for the filing of tax returns, the transfer of the property or ownership interests set forth herein, or as may be required by law. However, any of the Parties disclosing such information to his, her or its attorneys, accountants, financial or tax advisors shall inform such person of the terms of this confidentiality provision and shall secure from that person a commitment that he or

she shall not disclose the confidential information to any other person and that he or she will be bound by this provision. Otherwise, the Parties agree that the only statement they may make with regard to the Litigation or this Agreement is that "the Parties reached a voluntary settlement of the matter with no party admitting liability."

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior contracts, agreements, or understandings, written or oral, expressed or implied, between the Parties or any of them pertaining to the subject matter hereof. The provisions of this Agreement cannot be modified, and any modification shall not be enforceable, unless said modification is reduced to writing and signed by each of the Parties.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which will be deemed an original, and all of which together will constitute one instrument.

*[The remainder of page left intentionally blank. Signatures appear on following page.]*

**THE UNDERSIGNED HAS READ THE FOREGOING SETTLEMENT AGREEMENT, FULLY UNDERSTANDS IT, AND VOLUNTARILY AGREES TO ALL OF ITS TERMS.**

_____ Dated: 02/02/2022 _____
*DocuSigned by: [signature] 4C4A1DA588DB461...*
**Edgar Aguilar**


_____ Dated: _____
**Eleazar Dzib**


_____ Dated: _____
**Fredy Hau**




**Pepper Asian, Inc.**

_____ Dated: _____

By: _____


**Pepper Asian II, Inc.**

_____ Dated: _____

By: _____


_____ Dated: _____
**Chang Fu Lin**

6

**THE UNDERSIGNED HAS READ THE FOREGOING SETTLEMENT AGREEMENT, FULLY UNDERSTANDS IT, AND VOLUNTARILY AGREES TO ALL OF ITS TERMS.**

_____ Dated: _____
**Edgar Aguilar**

_____ Dated: 02/02/2022
**Eleazar Dzib**

_____ Dated: _____
**Fredy Hau**

**Pepper Asian, Inc.**

_____ Dated: _____

By: _____

**Pepper Asian II, Inc.**

_____ Dated: _____

By: _____

_____ Dated: _____
**Chang Fu Lin**

**THE UNDERSIGNED HAS READ THE FOREGOING SETTLEMENT AGREEMENT, FULLY UNDERSTANDS IT, AND VOLUNTARILY AGREES TO ALL OF ITS TERMS.**

_____ Dated: _____
**Edgar Aguilar**


_____ Dated: _____
**Eleazar Dzib**

*Fredy Hau* (DocuSigned, CF80029DC8D5462...)
_____ Dated: 02/02/2022
**Fredy Hau**



**Pepper Asian, Inc.**

_____ Dated: _____

By: _____


**Pepper Asian II, Inc.**

_____ Dated: _____

By: _____


_____ Dated: _____
**Chang Fu Lin**

THE UNDERSIGNED HAS READ THE FOREGOING SETTLEMENT AGREEMENT, FULLY UNDERSTANDS IT, AND VOLUNTARILY AGREES TO ALL OF ITS TERMS.

_____  Dated: _____
**Edgar Aguilar**


_____  Dated: _____
**Eleazar Dzib**


_____  Dated: _____
**Fredy Hau**


**Pepper Asian, Inc.**

_CHANG FU LIN_____  Dated: _2/3/2022_
By: _Chang Fu Lin, President_

**Pepper Asian II, Inc.**

_/s/ Mingliang Lin_____  Dated: _02/03/2022_
By: _Mingliang Lin, President_

_CHANG FU LIN_____  Dated: _2/3/2022_
**Chang Fu Lin**

6